(No. 4666—)

R. V. MONAHAN CONSTRUCTION CO., AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1955.*

CHARLES G. CHESTER, Attorney for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

The complaint filed herein alleges that claimant, An Illinois corporation, entered into a contract with respondent to replace the roof structure of the Armory at Danville, Illinois, which contract is dated June 30, 1953, a true and correct photostatic copy of same being attached to said complaint, and marked exhibit A.

Claimant further alleges in the complaint that its bid was made with the understanding that 28 drill hall light fixtures, which claimant had valued at $3,500.00, were to be removed by claimant, and would be claimant's

property by virtue of Paragraph 1003 of the Supplementary Specifications, incorporated in and made a part of the aforesaid Specifications issued by the Division of Architecture and Engineering of the Department of Public Works and Buildings of the State of Illinois, which reads as follows:

"1003. The General Contractor shall, unless otherwise specified, accept the premises as he finds them upon the signing of the contract, and he shall completely remove the concrete roof designated on plans, the tie-bars, lights, roof drains and interior downspouts indicated, skylights, masonry walls, acoustical tile, as indicated on the drawings and specified and as may be necessary to permit the proper installation of the new work. Acoustical tile is to be salvaged for re-use as covering of wood joists replacing skylight over garage."

Claimant further alleges that in August of 1953 it removed the 28 drill hall light fixtures in compliance with the provisions of said Paragraph 1003, supra, and prepared to take the fixtures from the premises; that respondent then notified claimant that, under Paragraph 2107 of the Specifications for certain electrical work to be performed on said premises, the electrical contractor was to remove all drill hall light fixtures, and reinstall them. The claimant then notified respondent of its right and ownership of the drill hall lights, but, on being assured of reimbursement therefor, permitted the drill hall light fixtures to be reinstalled by the electrical contractor.

Claimant alleges that this was the first notice it had of the terms and conditions of the electrical contract, and that its contract was entered into prior to the date of the electrical contract, which was made and entered into on August 11, 1953.

Claimant alleges that its work and obligations under the contract have been fulfilled, completed, and accepted by respondent. However, when payment in the amount of

$3,500.00 was requested from respondent, claimant was notified that the appropriation had lapsed, and was advised by the Division of Architecture and Engineering that any recovery would have to be sought through the Court of Claims. Claimant contends that it is entitled to the sum of $3,500.00 by virtue of the above.

A stipulation was entered into between claimant and respondent dispensing with the necessity of filing briefs and arguments, and stipulating that the cause should be submitted to the Court upon the complaint and the Report of the Department of Public Works and Buildings, Division of Architecture and Engineering, signed by Louis H. Gerding, Supervising Architect.

The Departmental Report, signed by Mr. Gerding, acknowledges that the contract was entered into as alleged; that Paragraph 1003 of the Specifications averred in the complaint is correct; that it is reasonable to assume that the value of said light fixtures was $3,500.00; that it was reasonable for claimant to assume that said fixtures were to become his property; and, that the electrical contract entered into, No. 671029, in no way changed the existing conditions.

Said Departmental Report further sets forth that, prior to the claim for final payment in connection with claimant's contract, a formal claim in the amount of $3,500.00 was submitted to the Division of Architecture and Engineering, and subsequently submitted to the Military and Naval Department for payment. However, the Military and Naval Department rejected the claim of $3,500.00 under date of November 5, 1954. The Departmental Report concludes by stating that in the judgment of the Division of Architecture and Engineering claimant entered into the contract in good faith; that the question-

able lights were to become his property; that he in good faith returned them to the State of Illinois in anticipation of monetary remuneration; and, further, that the R. V. Monahan Construction Company is entitled to the $3,500.00 requested for the light fixtures, and that said amount is a fair and equitable remuneration for same.

There being no dispute by respondent as to the claim, and, from the record submitted to us in this case, it appears that the amount of $3,500.00 is now due and owing claimant by respondent. The claim in that amount is hereby allowed.